Gonzalo Vélez and Francisca García, Plaintiffs and Apellants, *v.* Juan Font, Defendant and Appellee.

No. 3496.   Argued November 12, 1925.—Decided April 14, 1926.

*Bolívar Pagán* for the appellants.   *Fernando B. Fornaris* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The plaintiffs, as parents of Nicolás Vélez, brought suit against Juan Font alleging that their son was struck and killed by a motor truck of the defendant which was being driven by his employee, Santiago Seijo, who was not legally licensed to operate it, the truck being run at high speed on the left side of the road without the lights required by law and without the driver's having taken proper precautions.

The defendant denied generally and alleged that his truck was being operated in full compliance with the requirements of the law, and struck nobody.   He alleged also that if the son of the plaintiffs met his death by falling from the running-board of the defendant's truck it was due to his own negligence, as he acted as an intruder, without the permission, consent or knowledge of the defendant.

After trial the court rendered judgment dismissing the complaint, and the following is transcribed from its opinion and judgment:

"The evidence does not support the averments of the complaint, but on the contrary tends to show that if the defendant's truck caused the death of said Nicolás Vélez, the latter acted negligently and contributed to the accident in such a degree that the employees of the defendant may be considered exempt from liability."

The plaintiffs appealed solely on the alleged erroneous weighing of the evidence by the trial judge.

█ A careful examination of the pleadings, the evidence and the briefs leads to the conclusion that the judgment appealed from must be affirmed.

The evidence of the plaintiffs was faulty. Nothing is made clear by it with respect to the wounds suffered by Vélez; how they may have been caused, whether by a fall, or by a collision, or by his having been run over. It says nothing in regard to the marks or traces that may have been left by the truck, or as to the condition of the truck after the accident. And the evidence introduced by the defendant tends not only to explain the occurrence in such a way that if the accident occurred it was absolutely without his fault, for if while his truck was running the son of the plaintiffs attempted to overtake it on his own volition without the invitation, consent or even the knowledge of the defendant, and upon mounting it he fell and was killed, the defendant is not liable; but also to discredit the testimony of the most important witness of the plaintiffs by showing that he was not present at the time and place of the accident.

█ The only negligence alleged and proved was that the defendant's chauffeur was not licensed to drive motor trucks, but this court has held that "the mere fact that an automobile driver has not the statutory license at the time of killing a pedestrian with his car will not make him liable for the damage caused, unless that circumstance had some connection with the cause of the death." *Maldonado v. Hamilton*, 32 P.R.R. 208. Besides, it was shown in this case that although the chauffeur had no specific license to drive motor trucks, he was licensed to drive passenger automobiles and had been

driving them for four years and had in fact driven motor trucks of different makes.

The case of *Cruz* v. *Sotomayor*, 32 P.R.R. 189, is not applicable. The facts there were different.

The judgment appealed from must be affirmed.